Raymond M. Vecchio   SBN #86657
Attorney at Law
3340 Del Sol Blvd. Suite199
San Diego, California 92154

Attorney for Plaintiff Carol Brennan

UNITED STAES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL BRENNAN,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SERVICES, TRANSUNION, LLC.<br><br>    Defendants. | CASE NO. '13CV1406 W   WMC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

I.

FIRST CAUSE OF ACTION

VIOLATION OF FCRA and (Civil Code 1785.1-1785.36);

PLAINTIFF CAROL BRENNAN ALLEGES AS FOLLOWS:

1. Plaintiff brings this action for damages based upon the defendants' violations of the Fair Credit Reporting Act (FCRA) codified at 15 USC sec1692 et. Seq., and California Civil Code sec 1785.1-1785.36 therefore conferring jurisdiction on this court.

2. Section 603 (f) of the FCRA and the California Civil Code defines a consumer reporting agency (CRA) as any person which, for monetary fees ,dues, that is not a non-profit cooperative, regularly engages in whole or in part in the practice of

assembling or evaluating consumer credit information or other information for the purpose of furnishing consumer reports to financial institutions (third parties). The CRA sells this consumer information to third parties in order for those third parties to determine among other things the credit worthiness of those applying for loans home mortgages, credit cards and other credit devices.

4. Defendants Experian and Trans Union are both persons as defined by the FCRA. Defendants Experian and Transunion are authorized to do business in the State of California with their principle places of business in California

5. Transunion and Experian are obligated by the FCRA and other Federal and State laws to report accurate and truthful information regarding a consumer's creditworthiness. The FCRA provides for penalties and damage against those CRAs who provide information that is inaccurate and untruthful as it pertains to the consumer.

6. The FCRA provides a step by step method for consumers who discover credit inaccuracies or mistakes in order to correct their credit reports so that these inaccuracies or mistakes can be corrected. This in turn helps the financial institution to which the consumer has applied for credit to grant or deny credit based upon the most accurate information available.

7. The FCRA and the California Civil Code in order to assure accurate credit information requires the CRAs to investigate information contained on credit reports which has been reported by the consumer to be inaccurate. The Defendants and each of them violated the FCRA and the California Civil Code in that:

I. On or about June 2012, the Plaintiff discovered inaccurate information on her credit reports, after her attempt to refinance her home. She discovered the credit reports issued by Defendants stated that she was deceased. The plaintiff in accordance with the FCRA reported to the defendants that the information was inaccurate and untrue. She provided proof that she was not deceased. She demanded that this information on her credit report be investigated and corrected. Based upon this false and inaccurate information she was denied credit and was forced to sell her home. The defendants allegedly investigated the information disputed by the Plaintiff and despite the information provided by the Plaintiff reported and continued to report her as deceased.

II. The plaintiff herein alleges that the CRAs Experian and Transunion falsely reported that they investigated the Plaintiff's dispute. In response to the Plaintiff's demands to correct the false information they responded instead that their investigation revealed that the Plaintiff was in fact deceased.

III. The plaintiff also discovered after examining a credit report that the Defendants were reporting that the plaintiff was delinquent in the payment of two accounts to Bank of America. She also discovered that because of these two inaccurate reports her credit score was reduced to 608 from what once was a score of 835. On or about August 2012 the Plaintiff for a second time wrote to the defendant CRA's indicating that the accounts were not her accounts and that she never opened, applied for or had any knowledge of said accounts. She did so in writing by way of mail with a return receipt. At the same time she instituted a lawsuit in this court against Bank of America and CRA Equifax in case No. 3:12-cv-02317-W-WVG. This case has since been resolved by a monetary settlement.

IV. The Defendants allegedly investigated the disputed accounts. On or about August 2012 defendant Transunion responded that they investigated the dispute and that as a result of that investigation deleted one account, (which was never the account of the Plaintiff), but left one account outstanding (an account which was disputed).

V. On or about September 2012 Defendant Experian responded that as a result of their investigation one account owed to Bank of America remained outstanding and one unrelated account which was not the subject of the plaintiff's request for an investigation was updated.

VI. After obtaining and examining the Plaintiff's credit report none of the Defendants reported the issues regarding the outstanding accounts as disputed as required by the FCRA.

VII. The plaintiff re-alleges that in answering her second credit dispute the defendants and each of them negligently investigated these disputes; and or never investigated the disputes and falsely reported that they had investigated the disputes in violation of the FCRA.

## II.
## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges the allegations set forth in each and every paragraph of the FIRST CAUSE OF ACTION, and incorporates by reference each paragraph as set forth here in full.

8. Defendants Experian and Transunion were obligated to investigated the two accounts which were disputed in the name of the Plaintiff, namely the Bank of

America Accounts ending in 3681and 4211. Plaintiff alleges that the Defendants never undertook an investigation of the disputes and falsely reported that an investigation had been undertaken. These false reports of an investigation led to the denial of credit applications and to the denial of an application to refinance the Plaintiff's home, and of a recall of a credit line to US Bank. As a result thereof the Plaintiff was required to sell her home against her wishes.

9. By the conduct alleged in the above paragraphs. The defendants and each of them acted outrageously, with the intention to cause, or with the reckless disregard of the probability of causing Plaintiff severe emotional distress, humiliation, embarrassment, mental anguish, and emotional distress.

10. The conduct of the defendants proximately caused the plaintiff to suffer damages, including injuries manifested by physical and mental problems.

11. The malicious and or oppressive conduct of the Defendants was in reckless disregard for the rights of the Plaintiff and therefore warrants the imposition of punitive damages.

## III.
## THIRD CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

10. Plaintiff re-alleges the allegations set forth in each and every paragraph of the FIRST CAUSE OF ACTION, and the SECOND CAUSE OF ACTION and incorporates by reference each paragraph as set forth here in full.

11. Defendants claimed to have undertaken an investigation into two accounts which were disputed by the Plaintiff. Namely the accounts ending in 3681and 4211 which were according to Bank of America owed and outstanding to them.

Therefore in undertaking the investigation of these accounts Defendants had a duty to investigate the validity of the accounts in a reasonable manner and in a manner appropriate under the laws of the State of California and The United States.

12. By the conduct alleged above the defendants and each of them acted negligently and in reckless disregard of the rights of the plaintiff. Furthermore, the Defendants acted in total disregard of the probability that such conduct would cause Plaintiff severe emotional distress, humiliation, embarrassment, and mental anguish.

13. The outrageous conduct of the Defendants proximately caused the Plaintiff to suffer damages, in the form severe emotional distress including fear, fright, humiliation, embarrassment, mental anguish. The emotional distress was manifested by physical problems and medical treatment and expense in an amount which will be proven at trial.

## IV.
## FOURTH CAUSE OF ACTION NEGLIGENCE

14. Plaintiff re-alleges the allegations set forth in each and every paragraph of the FIRST, SECOND, and THIRD CAUSES OF ACTION and incorporates by reference each paragraph as set forth here in full.

15. Plaintiff filed two complaints with the Defendants regarding the appearance of delinquencies appearing on her credit report. Defendants failed to use reasonable care in the investigation of two complaint(s) filed by the Plaintiff. The Defendants negligently undertook to investigate the two accounts at Bank of America (3687, 4211) which were fraudulently opened in the name of the Plaintiff. The defendants failed to do any investigation, and only reported back to the Plaintiff information

which continued to be false and misleading and which did not address the inaccuracies which originally appeared on the Plaintiff's credit report. The ostensible investigation continued to have a negative effect on the Plaintiff's credit report. A reasonable investigation would have revealed that the unpaid credit accounts were not owed by the Plaintiff and were a result the fraudulent use of the Plaintiff's identity. The FCRA imposes upon the Defendants a duty to investigate the accounts in a reasonable manner as outlined in the FCRA and the California Civil Code, so as not to subject the Plaintiff to unreasonable risks of harm, and damages.

16. Defendants breached that duty in that they negligently investigated the complaints as outlined in the FCRA and the California Civil Code, resulting in the denial of credit, the loss of property, and the continuous, offensive and upsetting collection methods of institutions that were relying on credit reports to justify collection.

17. As a proximate cause of this negligence, Plaintiff was severely damaged in that her perfect credit reputation was destroyed. She had to sell her home in which she lived for 30 years because she could not take advantage of the record low interest rates. She had credit lines with her local bank which were foreclosed because of the fall in her credit score from the mid to high 850 to 600. She was denied credit at every attempt from any place of business or financial institution.

**Wherefore,** Plaintiff respectfully requests and prays for a judgment against defendants and that Plaintiff be awarded all damages and costs allowable including but not limited to:

1. Damages as allowable by the FCRA and California Civil Code.
2. Attorneys and costs of pursuing this lawsuit.

3. Punitive damages

4. All other damages allowable by law.

_Raymond M. Vecchio_
RAYMOND M. VECCHIO
Attorney for Plaintiff
Carol L. Brennan